IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

"IN ADMIRALTY"

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF ALBERT CAFARO and/or DAWN CAFARO-TRULY, as Owners, of a 2002 21' Sea-Pro Vessel, Florida Registration Number FL8726LW, its engines, tackle, apparel, appurtenances, etc. for Exoneration from or Limitation of Liability,<br><br>Petitioner._____/ | CASE No.: _____ |

## COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

ALBERT CAFARO and/or DAWN CAFARO-TRULY, as Owners, of a 2002 21' Sea-Pro Vessel, Florida Registration Number FL8726LW, its engines, tackle, apparel, appurtenances, etc. (the "Vessel"), under Rule F, Supplemental Rules for Certain Admiralty and Maritime Claims, Middle District Local Rule 7.06, and 46 U.S.C.A. § 30501, et seq. files their Complaint for Exoneration from or Limitation of Liability, alleging as follows:

1. This is an admiralty and maritime action within the meaning of Rule 9(h), Federal Rules of Civil Procedure, the Supplemental Rules for Admiralty and Maritime Claims, and the Local Admiralty Rules of the United States District Court for the Middle District of Florida.

2. Jurisdiction is proper pursuant to 28 U.S.C.A. § 1333 and 46 U.S.C.A. §§ 30501 *et seq.*

3. Venue is proper in this district under Rule F(9) Supplemental Rules for Certain Admiralty and Maritime Claims, in that the 21' Sea-Pro Vessel has not been attached or arrested and suit has not been commenced against Petitioners, as owners of the 21' Sea-Pro Vessel with respect to the incident described below, and the 21' Sea-Pro Vessel and the Petitioners are located in/reside in Hillsborough County, Florida.

4. Upon information and belief, the Claimant Kimberly Hayes resides in Hillsborough County, Florida.

5. The subject vessel is a 2002 Sea-Pro Vessel, Florida Registration Number FL8726LW.

6. At all times material to this Complaint, the 21' Sea-Pro Vessel was owned by Petitioners, Albert Cafaro and Dawn Cafaro-Truly.

7. At all times material to this action, the 21' Sea-Pro Vessel was seaworthy, properly and efficiently manned, equipped and furnished, and well and sufficiently fitted and supplied with suitable machinery, tackle, apparel, etc., all in good order and condition and suitable for their intended use.

8. On or about October 8, 2019, the 21' Sea-Pro Vessel owned by Petitioners and operated by Petitioner Albert Cafaro allided with a jetty/sand bar in the navigable waters of Middle Tampa Bay near St. Petersburg, Florida, and as a result of that allision, Kimberly Hayes allegedly sustained injuries requiring medical care and attention, and the 21' Sea-Pro Vessel sustained damage to its hull and machinery requiring repairs.

9. The incident at issue and any ensuing damages, personal injury and property loss, were not caused by any fault of the 21' Sea-Pro Vessel, its owners, or any person or entity

for whose actions the owners are responsible. Neither the 21' Sea-Pro Vessel, nor its owners, Petitioners, are liable to any extent, and they are entitled to exoneration from liability for all losses, injury, and damages occasioned and incurred by, or as a result of the incident.

10. Petitioners further allege all losses, injury, and damages resulting from the incident occurred as a result of actions, omissions, or conditions which Petitioners did not participate in, had no knowledge of, and had no reason to know about.

11. Petitioners, as owners of the 21' Sea-Pro Vessel, should be exonerated of and from any liability for any losses, injury, or damage arising out of the incident described above, as it was not caused by any neglect of Petitioners or the 21 Sea-Pro Vessel.

12. Petitioners, jointly and/or severally, lacked privity or knowledge of the circumstances, actions, or omissions giving rise to the incident at issue.

13. Thus, and without admitting liability, in the event the 21' Sea-Pro Vessel is held responsible to anyone by reason of the matters set forth above, Petitioners claim the benefit of the limitation of liability provided in 46 U.S.C.A. §§ 30501 *et seq.*

14. The 21' Sea-Pro Vessel sustained damage to its hull and machinery in the incident described herein, and has a post-casualty value of approximately $9,330.00 (see Ad Interim Stipulation for Value to be filed herein).

15. Petitioners know of potential claims by Kimberly Hayes, a resident of Valrico, Florida, by healthcare providers in Pinellas and/or Hillsborough County, Florida, who provided medical care and treatment of Kimberly Hayes for injuries allegedly sustained in the incident.

16. Petitioners allege the amount of damages associated with the potential claims may exceed the amount of their interest in the 21' Sea-Pro Vessel.

17.     The first written notice of a claim arising from the incident subject to limitation was a letter from counsel for Kimberly Hayes dated March 30, 2020, and therefore this action is timely filed under the provisions of the Limitation Act, 46 U.S.C.A. §§ 30501 et seq.

18.     Petitioners will file herein a Stipulation for Costs and an Ad Interim Stipulation for Value, in the appropriate form for the payment into Court of the amount of Petitioners' interest in the 21' Sea-Pro Vessel, together with interest at the rate of 6% per annum from the date of said Stipulation, and for costs; and, in addition thereto, Petitioners are prepared to give bond or stipulation for any amount in excess of the Ad Interim Stipulation for Value as may be ascertained and determined to be necessary under the orders of this Court, and as provided by the laws of the United States and the Federal Rules of Civil Procedure.

WHEREFORE, Petitioners, as owners of the 21 Sea-Pro Vessel, respectfully request:

A.     Upon the filing of the Stipulation for Costs and the Ad Interim Stipulation for Value herein described, this Honorable Court direct the Clerk of Court to issue a notice to be filed by Petitioners herein, which admonishes all persons, firms, or corporations asserting claims for any and all losses, damages, injuries, or destruction, with respect to which Petitioners seek exoneration from or limitation of liability, to file their respective claims with the Clerk of this Court and to serve on Petitioners' attorney a copy thereof, on or before the date specified in the notice;

B.     Upon the filing of the Stipulation for Costs and the Ad Interim Stipulation for Value, that the Court issue the proposed Injunction to be filed by Petitioners herein, which restrains the commencement or prosecution of any action or proceeding of any kind against Petitioners, jointly and/or severally, the  21' Sea-Pro Vessel, and/or any of Petitioners'

property, with respect to any claim for which Petitioners seek limitation, including any claim arising out of or connected with any loss, injuries, damage, or destruction resulting from the incident described in the Complaint;

      C.     If any claimant who shall have filed a claim shall also file an exception contesting the value of the 21' Sea-Pro Vessel or its pending freight, if any, as alleged herein, and the amount of the Ad Interim Stipulation for Value as aforesaid, this Court shall cause due appraisement to be had of the value of the 21' Sea-Pro Vessel following the casualty and of the value of Petitioners' interest therein, and pending freight, if any, and in which event this Court shall enter an order for the filing of an amended stipulation for the aggregate value, as so determined, of Petitioners' interest in the 21' Sea-Pro Vessel and its pending freight, if any;

      D.     This Court adjudge Petitioners, jointly and/or severally, and the 21' Sea-Pro Vessel, not liable to any extent whatsoever for any losses, injuries, damages or destruction, or for any claim whatsoever done, occasioned or incurred as a result of the matters and happenings referred to in this Complaint; or, in the alternative, if the Court should adjudge that Petitioners, jointly and/or severally, are liable in any amount whatsoever, that said liability may be limited to the value of Petitioners' interest in the 21 Sea-Pro Vessel, and may be divided pro rata among such claimants, and that a judgment be entered discharging Petitioners, jointly and/or severally, and the 21' Sea-Pro Vessel, of and from any and all further liability and forever enjoining and prohibiting the filing or prosecution of any claims against Petitioners, jointly and/or severally, and the 21' Sea-Pro Vessel, or their property, in consequence of, or connected with, the matters and happenings referred to in this Complaint; and

...

E. This Court grant Petitioners, jointly and/or severally, such other and further relief that justice may require.

Dated: __29 SEPT 20__.

                Respectfully submitted.

                _David F. Pope_
                David F. Pope – FBN 164452
                Service-dpope@bankerlopez.com
                Eric C. Thiel – FBN 016267
                Service-ethiel@bankerlopez.com
                BANKER LOPEZ GASSLER P.A.
                501 E. Kennedy Blvd., Suite 1700
                Tampa, FL 33602
                Telephone:  (813) 221-1500
                Facsimile:  (813) 222-3066

                Attorneys for Petitioners